IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

TOPEVER CORPORATION,

     Plaintiff,

       Vs.

THE ENE GROUP LLC, THE
UNDERGROUND GROUP LLC, SALLY
JEMAL, ROBERT GROSSMAN,  as an
individuals and as agents of The ENE Group
LLC and The Underground Group LLC, JOHN
DOES I-X, fictional defendants whose identities
are not presently known to plaintiffs but who are
liable to defendants for the causes of action set
forth in this Complaint,

     Defendants.

Civil Action No.: 1:12-cv-0869-HB

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS SALLY JEMAL AND ROBERT GROSSMAN'S JOINDER IN MOTION TO DISMISS PLAINTIFF TOPEVER CORPORATION'S SECOND AMENDED COMPLAINT.

## <u>TABLE OF CONTENTS</u>

Cover Page ........................................................................................................... i

Table of Contents ................................................................................................ ii

Table of Authorities .......................................................................................... iii

Preliminary Statement ........................................................................................1

     I.     Defendants Motion is Untimely ....................................................1

     II.    Relationship Between ENE and TUG .........................................2

     III.   Facts Alleged By Plaintiff Sufficient to Withstand Defendants Motion ...........2

Conclusion ...........................................................................................................4

# <u>TABLE OF AUTHORITIES</u>

**Additional Cases**

<u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009)..........................................................................2

<u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007)....................................................2

<u>Crowly v. VisionMaker, LLC</u>, 512 F. Supp. 2d 144, 153 (S.D.N.Y. 2007)…………….. ……….3

<u>Henneberry v. Sumitomo Corp. of Am.</u>, 415 F. Supp. 2d 423 (S.D.N.Y. 2006)…………………4

<u>In re IndyMac Mortgage-Backed Sec. Litig.</u>, 718 F. Supp. 2d 495, 508 (S.D.N.Y. 2010)………3

<u>Malmsteen v. Universal Music Group, Inc.</u>, 2012 U.S. Dist. LEXIS 82969 (S.D.N.Y. 2012) .......3

<u>Silverman Partners LP v. Verox Group</u>, 2010 U.S. Dist. LEXIS 71977 (S.D.N.Y. 2010)…………………………….......................................................................2-4

## PRELIMINARY STATEMENT

Defendants Sally Jemal and Robert Grossman filed papers with this Court on October 10, 2012 purporting to join in the motion of The Underground Group ("TUG") and the ENE Group LLC ("ENE") to dismiss Plaintiff's Second Amended Complaint. Defendants attempt to join the pending motion is untimely. The moving papers were considered complete as of October 10, 2012. Significantly, at the Pre-Trial Conference held on October 11, 2012, Defendants Counsel, Mr. Lazarus, represented to this Court that neither he, nor his firm would be representing Defendants Sally Jemal or Michael Grossman. However, if this Court chooses to consider the Defendants belated motion, then the Plaintiff responds below and relies on its previous submission to this Court in Opposition, Memorandum of Law in Opposition to Defendants THE ENE GROUP, LLC AND THE UNDERGROUND GROUP LLC'S MOTION TO DISMISS PLAINTIFF TOPEVER CORPORATION'S SECOND AMENDED COMPLAINT, [Docket No. 30, filed on 9/20/2012] and Affidavit of Mark P. Denbeaux in Opposition to Defendants THE ENE GROUP, LLC AND THE UNDERGROUND GROUP LLC'S MOTION TO DISMISS PLAINTIFF TOPEVER CORPORATION'S SECOND AMENDED COMPLAINT, [ Docket No 31, filed on 9/20/2012].

## ARGUMENT

I.      Defendants Motion is Untimely

Defendants' moving papers in its Motion to Dismiss Plaintiff's Second Amended Complaint were complete on October 10, 2010 when Defendant filed its Reply Brief with this Court. To the extent that this Court chooses to consider this belated joinder, the Plaintiff responds as follows:

II.     Relationship Between ENE and TUG

In their Reply, ENE and TUG attempt to argue that Plaintiff's Second Amended Complaint must be dismissed because the Complaint does not establish that TUG could possibly be liable for ENE's debts because the Second Amended Complaint does not establish that TUG is the successor-in–interest to ENE.

Plaintiff Topever's Second Amended Complaint does not rest on a Sucessor Liability theory.  Rather, the facts outlined in the Second Amended Complaint establish a relationship between ENE and TUG. In this case, the Defendants used what amounts to a "three card monty" scheme to defraud plaintiffs and other businesses to ENE/TUG/Jemal/Grossman.

III.    Facts Alleged By Plaintiff Sufficient to Withstand Defendants Motion

Plaintiffs Second Amended Complaint alleges more than sufficient facts to establish that TUG is the successor-in-interest to ENE. The cases cited by the Defendants (*infra*) are completely inapposite because they stand for the proposition that a complaint cannot withstand a motion to dismiss if it alleges only the legal conclusion that one company is a successor in interest to another.  The Second Amended Complaint filed by Topever cites fact after fact, and not a single legal conclusion.  In fact, in *Silverman Partners LP v. Verox Group*, 2010 U.S. Dist. LEXIS 71977 (S.D.N.Y. 2010), this Court held that to survive a motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face" (*Id.* at *8, quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (U.S. 2007). This Court further held "a facially plausible claim is one where the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Silverman* at *9, quoting  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (U.S. 2009), internal citations omitted).

2

In *Crowly v. VisionMaker, LLC*, 512 F. Supp. 2d 144, 153 (S.D.N.Y. 2007), a case cited by the Defendants, the court found that the second company was not liable for the breach of the agreement because:  1) there was no breach of an agreement; 2) Plaintiff's complaint alleged no facts, and only conclusorily alleges that "Palace [Holdings] became VisionMaker's successor in interest" and that "VisionMaker is merely a 'shell' company."  Our complaint alleged facts, not conclusions.

Moreover, in yet another case cited by the Defendants, *Malmsteen v. Universal Music Group, Inc.*, 2012 U.S. Dist. LEXIS 82969 (S.D.N.Y. 2012), not only are no facts alleged in the complaint regarding successor in interest liability, but the Complaint actually alleges that other parties are successors in interest but fails to name the relevant party.  2012 U.S. Dist. LEXIS 82969, 16-17 (S.D.N.Y. June 14, 2012).  See also *In re IndyMac Mortgage-Backed Sec. Litig.*, 718 F. Supp. 2d 495, 508 (S.D.N.Y. 2010) (In this case, all the Court says is that alleging that one company is a "successor in interest" in the complaint is not sufficient – it is a legal conclusion and facts must be alleged).

Finally, Plaintiff's Complaint contains facts and circumstances that demonstrate a transparent a classic scheme built on deception, misrepresentation, and lies to Plaintiff. The case at bar is nearly identical to *Silverman* (*supra*), the distinction being that Silverman was an investor suing rather than a corporation that transacted business. Silverman claimed that the Defendant "made  various misrepresentations about its financial state in order to mislead Plaintiff into believing it was a viable company and to induce Plaintiff to invest in the business." *Silverman Partners LP v. Verox Group*, 2010 U.S. Dist. LEXIS 71977 (S.D.N.Y. July 16, 2010)(quoting Am. Compl. P 28). Here, "Defendants duped Plaintiff into delivering more than $800,000 worth of goods to Staples and other retailers in exchange for defendants' repeated

3

promises to pay the Plaintiff directly." Pl.s Am.Compl. P 15. Significantly, "Defendants withheld payments owed, lied about the state of their payments from Staples, created a shell corporation to serve as a fraudulent transfer…" *Id.* at P 17.

Even assuming *arguendo* that Defendants are correct as related to successor liabilty, it must be noted that "a district court has broad latitude in determining whether another theory of relief with respect to those same allegations is available" (Silverman at *11, quoting *Henneberry v. Sumitomo Corp. of Am*., 415 F. Supp. 2d 423, 454 (S.D.N.Y. 2006))*.

In response to the remaining points raised in the original motion to dismiss the Second Amended Complaint, the Plaintiff relies upon its previous submission to this Court in Opposition.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be denied in its entirety.

Respectfully submitted this 8th Day of November, 2012

/s/ David L. Kurtz, Esquire, (pro hac vice) DK6759
Denbeaux & Denbeaux
Attorney for Plaintiff